Justice Breyer,
with whom
Justice Stevens and Justice Sotomayor join, concurring in part and concurring in the judgment.
I join the Court’s well-reasoned opinion with the exception of Part IV-B. The Court neither purports to alter nor does alter our holding in Panetti v. Quarterman, 551 U. S. 930 (2007). See ante, at 335, n. 11. In Panetti, we “declined to interpret ‘second or successive’ as referring to all §2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior §2251 application.” 551 U. S., at 944 (emphasis added). In this case, by contrast, we determine how 28 U. S. C. § 2244(b) applies to a habeas petition that is the first petition to address a new “state-court judgment” that has not “already [been] challenged in a prior § 2254 application.” And, for the reasons provided by the Court, such a “first” petition is not “second or successive.” Of course, as the dissent correctly states, if Magwood were challenging an undisturbed state-court judgment for the second time, abuse-of-the-writ principles would apply, including Panetti’s holding that an “application” containing a “claim” that “the petitioner had no fair opportunity to raise” in his first habeas petition is not a “second or successive” application. Post, at 346 (opinion of Kennedy, J.). Contrary to the dissent’s assertion, post, at 349-350, the Court’s decision today and our decision in Panetti fit comfortably together.